IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, as Personal Representative
of the Wrongful Death Estate of
Heath Dale Bennett, deceased,

      Plaintiff,

vs.                                                                              No. CIV 19-701 KG/KK

JACK V. WATERS, D.C, P.C, a New Mexico
For-Profit Professional Corporation, *et al.*,

      Defendants.

## MEMORANDUM AND OPINION

This matter is before the Court on Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction and for Fees Incurred as a Result of Improper Removal, filed August 19, 2019. (Doc. 5). Defendants Allied Professionals Insurance Company and the National Chiropractic Council (APIC and NCC, or Insurance Defendants) filed a response on September 10, 2019, and Plaintiff filed a reply on September 23, 2019. (Docs. 13 and 14). Having considered the parties' briefing, the record of the case, and applicable law, the Court grants Plaintiff's Motion to Remand and remands the case to state court.

    I. *Procedural Background*

On July 31, 2018, Plaintiff filed a Complaint in state court alleging Heath Dale Bennett died after suffering "an acute left vertebral artery injury during chiropractic manipulation" by his chiropractor, Dr. Waters. (Doc. 2-1) at 12. Plaintiff brings the following claims: negligence and breach of fiduciary duty against Dr. Waters; violations of the New Mexico Unfair Practices Act against Jack V. Waters, D.C., P.C.; and aiding and abetting breach of fiduciary duty and conspiracy to commit breach of fiduciary duty against the Insurance Defendants. *Id.* at 13-20.

This action is the second time Defendants have removed Plaintiff's case to this Court. On September 13, 2018, Defendants removed this case for the first time, arguing the Court had diversity subject matter jurisdiction even though both Plaintiff and Defendants Dr. Waters and Jack V. Waters, D.C., P.C. (Waters Defendants) were New Mexico residents. (Doc. 1), filed in Case No. CIV 18-863 JB/KK. Defendants argued the Waters Defendants' citizenship should be ignored because they entered into an arbitration agreement with Mr. Bennett prior to his death. *Id.* On April 29, 2019, Judge Browning rejected Defendants' argument and granted Plaintiff's motion to remand. (Doc. 34), filed in Case No. CIV 18-863 JB/KK, at 48-55.

On July 31, 2019, the Insurance Defendants removed this case from state court for the second time, stating the Court now has diversity subject matter jurisdiction because the Waters Defendants and Plaintiff have reached an agreement to settle. (Doc. 1) at 2. In Plaintiff's Motion to Remand, however, he argues the claims against the Waters Defendants have not yet been disposed of because the state court must approve the settlement which involves minors. (Doc. 5) at 2-3, 7-9. Plaintiff further contends the Insurance Defendants' removal was untimely and the Insurance Defendants consented to the state court's jurisdiction by continuing to litigate after they were aware of the settlement. *Id.* at 3-4, 10-13. Plaintiff asks the Court to remand the case to state court and to award his attorney fees and costs in bringing this motion. *Id.* at 13-15.

In response, the Insurance Defendants ask the Court to disregard the Waters Defendants' citizenship for purposes of determining jurisdiction because of their settlement with Plaintiff. (Doc. 13) at 5-6. They also argue the Waters Defendants are procedurally misjoined and nominal parties to this action as a result of the settlement. *Id.* at 6-8. In addition, the Insurance Defendants dispute Plaintiff's assertion that their Notice of Removal was untimely or that they consented to state court jurisdiction by continuing to litigate, and they contend an award of

attorney fees and costs is not appropriate. *Id.* at 8-10. In reply, Plaintiff maintains that the Court does not have diversity jurisdiction, the Notice of Removal was untimely, the Insurance Defendants consented to state court jurisdiction by continuing to litigate, and Plaintiff should be awarded fees and costs. (Doc. 14) at 2-8.

   II. Analysis

   A. Subject Matter Jurisdiction

A defendant can remove a civil case brought in state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, and the action is between citizens of different states. 28 U.S.C. § 1332. The removing party bears the burden of proving diversity jurisdiction under Section 1332, and complete diversity does not exist where any plaintiff has the same residency as any defendant. *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). When a case is not initially removable because of the presence of a non-diverse defendant, a defendant may remove the case within thirty days from ascertaining that the case has become removable, provided that it does so within one year from the commencement of the action. 28 U.S.C. §§ 1446(b)-(c). In addition, if the non-diverse defendant has been procedurally misjoined or is a nominal party to the action, the court may ignore such defendant for purposes of assessing complete diversity. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *Lafalier v. State Farm Fire & Cas. Co.*, 391 Fed. Appx. 732, 739 (10th Cir. 2010). However, there is a presumption against removal jurisdiction, and "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).

*1. Diversity of the Parties*

The parties agree that Plaintiff and the Waters Defendants are citizens of New Mexico. Nevertheless, the Insurance Defendants ask the Court to disregard the Waters Defendants' citizenship because Plaintiff agreed to settle his claims against them. (Doc. 13) at 5-6. Plaintiff, on the other hand, argues that settlement with the non-diverse party does not establish diversity jurisdiction until that party is dismissed from the action. (Doc. 5) at 8 (citing *Dunkin v. A.W. Chesterson Co.*, 2010 WL 1038200, *6 (N.D. Cal.)).

The Tenth Circuit has not issued an opinion on this issue and the Insurance Defendants offer no other circuit opinion to support this position. Several district courts have found that an agreement to settle with the non-diverse party is sufficient to render a case removable to federal court. However, each of these courts has emphasized the settlement must be binding, unequivocal, and enforceable under state law. *See Evans v. Metro. Prop. & Cas.*, 2013 WL 6835287, *2 (W.D. Okla.) (finding notice of settlement with non-diverse party triggered opportunity for removal because agreement was unequivocal and binding under state law); *Turley v. Stilwell*, 2011 WL 1104543, *3 (N.D. Okla.) (same); *Bromeland v. Ramos*, 2008 WL 11411270, *4-5 (W.D. Tex.) (same); *Cf. Reid v. Am. Commerce Ins. Co.*, 2007 WL 1173030, *3 (E.D. Ky.) (finding notice of intent to settle, which could still be revoked by either party, is "not a sufficiently certain indication that [the non-diverse party] had actually settled her claims"). Indeed, several district courts have specifically held that a settlement involving minor children that requires state court approval does not dispose of the non-diverse party for purposes of removal until the settlement has been approved. *See Ray v. Craig Loftin Trailer Sales, LLC*, 2009 WL 2175971, *2 (E.D. Okla.) (remanding to state court where settling non-diverse defendant not "effectively eliminated as a party because under Oklahoma law a settlement

reached on behalf of a minor is not final without a court order"); *Elizondo v. Nissan N. Am.*, 2019 WL 3305286 (S.D. Tex.) (explaining settlement involving minors not binding until approved by court as required by Texas law, so non-diverse party "is still a Defendant and diversity jurisdiction does not exist") (citation omitted); *Evers v. CEC Entertainment*, 2011 WL 995697, *2 (N.D. Ill.) (same, applying Illinois state law requiring state court approval of settlement involving minor); *Tripp v. Kline*, 2007 WL 844821, *4 (E.D. Mo.) (same, applying Missouri state law requiring state court approval of settlement involving minor); *Singh v. Edwards Lifesciences Corp.*, 2006 WL 3499235, *1 (W.D. Wash.) (same, applying Washington state law requiring state court approval of settlement involving minor).

In this case, on May 20, 2019, the Waters Defendants filed a notice of acceptance of Plaintiff's settlement offer in state court under Rule 1-068, NMRA 2003. (Doc. 2-27). Rule 1-068 provides that if a party serves written notice of acceptance of a settlement offer, "either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon such judgment may be entered as the court may direct." The New Mexico Court of Appeals has explained that "ordinarily" a Rule 1-068 notice of settlement "leaves no discretion in the district court to do anything but to enter the judgment." *Shelton v. Sloan*, 1999-NMCA-048, ¶ 42, 127 N.M. 92. However, in New Mexico the "general rule is that a … settlement is not binding on [a minor] in the absence of judicial approval." *Collins v. Tabet*, 111 N.M. 391, ¶ 30, 806 P.2d 40 (N.M. 1991) (citing *Garcia v. Middle Rio Grande Conservancy Dist.*, 99 N.M. 802, ¶ 28, 664 P.2d 1000 (N.M. Ct. App. 1983)). Therefore, when a Rule 1-068 notice of settlement is filed in a case involving minors, the court must review the settlement before entering judgment and reject it if it is not fair to the minors. *Shelton*, 1999-NMCA-048, ¶ 42.

5

The Insurance Defendants ask the Court to disregard the Waters Defendants' citizenship because, pursuant to the settlement, there is "no possibility that the Plaintiff could now recover against this in-state defendant." (Doc. 13) at 5. To the contrary, because the settlement between Plaintiff and the Waters Defendants involves minors, the state court must review it and reject it if it is not fair to the minors. As such, until the settlement is approved by the state court, the Waters Defendants are still parties to this case and Plaintiff's claims against them will proceed if the settlement is rejected. Therefore, the settlement is not yet binding, unequivocal, and enforceable under state law, the Waters Defendants are still non-diverse parties to this case, and the Court does not have diversity jurisdiction.

2. *Procedural Misjoinder*

The Insurance Defendants next argue the Waters Defendants are procedurally misjoined because Plaintiff has not petitioned the state court for approval of the settlement or sought their dismissal. (Doc. 13) at 6-7. Procedural misjoinder occurs "when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier*, 391 Fed. Appx. at 739 (citation omitted).[1] The Tenth Circuit has not adopted this doctrine, but several district courts have applied it by considering whether a joined party satisfies the permissive joinder standards under Fed. R. Civ. P. 20. *See Lafalier*, 391 Fed. Appx. at 739 (declining to

---

[1] To distinguish between procedural misjoinder and fraudulent joinder, "the traditional fraudulent joinder doctrine inquires into the substantive factual or legal basis for the plaintiff's claim against the jurisdictional spoiler," while the procedural misjoinder doctrine focuses on the procedural basis for the plaintiff's joinder of the non-diverse defendant. E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J. L. & Pub. Pol'y 569, 572 (2006). "Thus, in a case where the joined claims are totally unrelated, a federal district court may find removal jurisdiction pursuant to the [procedural] misjoinder doctrine even though the plaintiff has a reasonable substantive basis for the claim against the jurisdictional spoiler." *Id.*

adopt procedural misjoinder doctrine because there was another basis for remand); *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1247 (D.N.M. 2013) (defining procedural misjoinder issue as whether plaintiff "misjoined [the non-diverse defendant] in violation of Rule 20"); *Klintworth v. Valley Forge Ins. Co.*, 2018 WL 4945237, *3 (N.D. Okla.) (same). Rule 20 permits the joinder of defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). Moreover, the Eleventh Circuit has held that procedural misjoinder applies only to "egregious" cases where the claims against the non-diverse party are "wholly distinct" from the claims against the diverse party. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds,* 204 F.3d 1069 (11th Cir. 2000).

In this case, there was a reasonable procedural basis for Plaintiff to join the Waters Defendants and the Insurance Defendants into a single lawsuit because Plaintiff's claims against each Defendant arise out of the same occurrence or series of occurrences and involve common questions of law and fact. The Insurance Defendants argue the Waters Defendants are procedurally misjoined because Plaintiff has not sought their dismissal even though "there is no possibility that the Plaintiff would be able to establish a cause of action against" them due to the settlement. (Doc. 13) at 6-7. However, as explained above, the Waters Defendants are still a party to this case until the settlement is approved by the state court. For these reasons, and because Plaintiff's claims against the Waters Defendants are not "wholly distinct" or "totally unrelated" to his claims against the Insurance Defendants, the Court finds they are not procedurally misjoined.

7

### 3. Nominal Parties

The Insurance Defendants also argue the Court should disregard the Waters Defendants' citizenship because they are nominal parties to the case due to their acceptance of the offer of settlement. (Doc. 13) at 7-8. In determining diversity jurisdiction, a court must only consider parties who are "real and substantial parties to the controversy," and "must disregard nominal or formal parties." *Navarro Sav. Ass'n v. Lee*, 466 U.S. 446, 460-61 (1980). As explained above, the settlement between Plaintiff and the Waters Defendants is not yet binding because it must be approved by the state court as to the interests of the minors. Therefore, the Waters Defendants are still real and substantial parties of interest to the controversy, and the Court must consider their citizenship in assessing diversity jurisdiction.

### 4. Conclusion

In sum, the Court finds the notice of settlement between Plaintiff and the Waters Defendants is not sufficiently final for purposes of removal because it must still be approved by the state court. The Court further finds the Insurance Defendants have failed to prove procedural misjoinder or that the Waters Defendants are nominal parties. Therefore, the Court lacks diversity subject matter jurisdiction over this case and it must be remanded to state court.[2]

### B. *Waiver of Right to Removal*

Plaintiff alternatively argues that, if the Court finds the settlement with the Waters Defendants made this case removable, the Insurance Defendants waived their right to remove the

---

[2] While not raised by the parties, the Court notes that the Notice of Removal fails to state whether the Waters Defendants join in or consent to the removal of this action, in violation of 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). The Tenth Circuit has held that "lack of unanimity is a procedural defect clearly established by statute as precluding removal." *Harvey v. UTE Indian Tribe of the Uintah and Ouray Reservation*, 797 F.3d 800, 805 (10th Cir. 2015).

case because their notice of removal is untimely and they continued to litigate in state court after they were aware of the settlement. (Doc. 5) at 10-13.

*1. Timeliness of Removal*

Under 28 U.S.C. § 1446(b)(3), if a case was not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In construing this statute, the Tenth Circuit explains that "the date from which the clock begins to run is when the defendant is able to intelligently ascertain removability." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (citation omitted). In addition, under 28 U.S.C. § 1446(c)(1), a case may not be removed on the basis of diversity jurisdiction "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

In this case, if the settlement between Plaintiff and the Waters Defendants rendered this case removable, then the Insurance Defendants were first able to ascertain its removability on May 20, 2019, when the notification of settlement under Rule 1-068 was filed. Therefore, the deadline for removal was June 19, 2019, but the Insurance Defendants did not remove the case until July 31, 2019, more than sixty days after the notice of settlement was filed.

The Insurance Defendants argue Section 1446(b)(3)'s thirty-day deadline "does not apply here" because they complied with the one-year deadline in Section 1446(c)(1). (Doc. 13) at 2-4. To the extent the Insurance Defendants construe these two deadlines as an either-or choice, that is an incorrect reading of the statute. Instead, the purpose of the one-year deadline is to prevent cases from being removed after there has been substantial progress in state court. *See*

9

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 n.12 (1996) ("Congress amended § 1446[] in 1988 to include the 1-year limitation in order to reduce the opportunity for removal after substantial progress has been made in state court.") (citation omitted). It is not an alternate deadline that a defendant can invoke if it does not comply with the thirty-day deadline, and reading it as such would render the thirty-day portion of the statute superfluous. *See Bridger Coal Co./Pacific Minerals, Inc. v. Dir., Office of Workers' Comp. Programs,* 927 F.2d 1150, 1153 (10th Cir.1991) ("We will not construe a statute in a way that renders words or phrases meaningless, redundant, or superfluous."). Therefore, the Insurance Defendants must comply with *both* deadlines—they must file their notice of removal within thirty days of first ascertaining the case has become removable, *and* they are only able to do this if the case has not been pending for more than one year in state court.

In addition, the Insurance Defendants assert that they were "forced to stay in state court due to Plaintiff's delay in dismissing the Waters Defendants," "Plaintiff is attempting to manipulate the time for removal by intentionally withholding the dismissal of the Waters [D]efendants," and Plaintiff "had no intention of dismissing Waters anytime soon, likely in an effort to retain state court jurisdiction as long as it could." (Doc. 13) at 8-9. Plaintiff responds that he provided a settlement offer to the Waters Defendants as soon as the case was returned to state court following Defendants' first attempt at removal, and any delay in finalizing the settlement is due to finding and appointing a guardian *ad litem* to protect the interests in the children. (Doc. 14) at 7-8.

The Court recognizes the Insurance Defendants' dilemma that this case will not become removable until more than a year after the complaint was filed. Nevertheless, the Insurance Defendants provide no evidence that Plaintiff is purposely delaying, and much of the delay here

is due to the Insurance Defendants unsuccessfully removing this case twice. *See, e.g., Ray*, 2009 WL 2175971, *4 (rejecting argument that plaintiff attempted to delay finalizing settlement because "the notice of removal immediately divests the state court of jurisdiction over the matter," so "Defendants, not Plaintiffs, prevented the settlement from being finalized"). Moreover, the issue of whether Plaintiff acted in bad faith and thereby triggered the exception to the one-year deadline is not before the Court because the Insurance Defendants did not remove the case past the one-year deadline. *See Tripp*, 2007 WL 844821, *4 (explaining that even though settlement with non-diverse party and minor would not be approved by state court until after Section 1446's one-year deadline, case was not removable until after settlement was approved and one-year deadline "did not make the case immediately removable").

For the foregoing reasons, if the settlement between Plaintiff and the Waters Defendants made this case removable, the Insurance Defendants were required to remove the case within thirty days of the filing of the notice of settlement. Since they did not do so, they waived their right to removal.

### 2. *Insurance Defendants' Actions in State Court*

Plaintiff also argues the Insurance Defendants waived their right to remove this case because they continued to litigate in state court after they were notified of the settlement between Plaintiff and the Waters Defendants. (Doc. 5) at 12-13. The Tenth Circuit refers to this as "waiver by participation" and has held "that when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *City of Albuquerque v. Soto Enter., Inc.*, 864 F.3d 1089, 1099 (10th Cir. 2017). The Tenth Circuit states this is a "bright-line rule," but notes an

11

exception when a state's procedural rule compels a defendant to file a motion to dismiss prior to its deadline to remove the case to federal court. *Id.* at 1099-1100 (comparing Florida state procedural rule requiring defendants to file motions to dismiss within 20 days of service to New Mexico, which has no such procedural rule).

Here, after the Rule 1-068 notice of settlement was filed, the Insurance Defendants continued to litigate in state court by filing a "Motion to Dismiss for Failure to State a Claim Within the Statute of Limitations, or in the Alternative, Motion for Summary Judgment as to Count IV of Plaintiff's Complaint." *See* (Doc. 2-34). The Insurance Defendants state they "continued to litigate in state court because they were anticipating the settlement petition and formal dismissal of" the Waters Defendants. (Doc. 13) at 9. Nevertheless, the Insurance Defendants were not compelled to file their Motion to Dismiss based on a procedural rule and, therefore, they waived their right to remove the case by submitting to the state court's jurisdiction to decide the merits of the case. *See Soto Enterprises*, 864 F.3d at 1100 ("Because Soto participated in the state case by filing a motion to dismiss without needing to do so, we conclude that Soto waived its right to remove.").

### 3. Conclusion

Based on the foregoing, the Court finds that if the settlement between Plaintiff and the Waters Defendants made this case removable, the Insurance Defendants waived their right to removal by not removing it within thirty days of being notified of the settlement and by continuing to litigate the merits of the case in state court.

### III. Attorney Fees and Costs

Plaintiff argues he is entitled to an award of fees and costs incurred as a result of the case being removed to this Court. (Doc. 5) at 13-15. Plaintiff contends the decision to remove the

case "was so unreasonable that it suggests a motive to delay and multiply the proceedings" because the Insurance Defendants knew there was no legal basis for the Court to disregard the citizenship of the non-diverse defendants, the notice of removal was untimely, and the Insurance Defendants continued to litigate in state court after being notified of the settlement. *Id.* at 14-15. The Insurance Defendants counter that they had good reason to remove this case because the non-diverse defendants were no longer real parties in interest after the settlement and Plaintiff delayed in dismissing them from the case. (Doc. 13) at 10. Therefore, they argue "[a]warding Plaintiff fees and costs in this matter would only serve to reward this delay," and Plaintiff has not provided any evidence of malicious intent by Defendants. *Id.*

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (citation omitted). Instead, the decision to award fees and costs is within a court's discretion, and, absent unusual circumstances, a court may award attorney's fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (rejecting argument that fees should be awarded automatically or that there should be strong presumption in favor of awarding fees upon granting motion to remand).

The Court rejected all of the Insurance Defendants' arguments in favor of removal and found that removal of this case was improper for several reasons. The Insurance Defendants incorrectly reasoned that the settlement between Plaintiff and the Waters Defendants was binding prior to state-court approval and that the Waters Defendants were procedurally misjoined and

13

nominal parties. In addition, despite asserting the Waters Defendants were no longer part of the case once they agreed to settle with Plaintiff, the Insurance Defendants failed to remove the case within thirty days of being notified of the settlement, and they continued to litigate the merits of the case in state court. Moreover, the Insurance Defendants do not rely on any binding authority for their removal of this case. For these reasons, the Court concludes the Insurance Defendants lacked an objectively reasonable basis for seeking removal. Consequently, the Court awards Plaintiff reasonable attorney's fees and costs incurred as a result of the removal.

IT IS ORDERED that:

1. Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction and for Fees Incurred as a Result of Improper Removal, (Doc. 5), is granted;

2. This case will be remanded to the First Judicial District Court, Santa Fe County, State of New Mexico;

3. Plaintiff's request for an award of attorney's fees and costs is granted;

4. Plaintiff must submit an application for reasonable attorney's fees and costs within 14 days of entry of this Memorandum Opinion and Order; and

5. The Insurance Defendants have an additional 14 days to file any objection to the application.

_____
UNITED STATES DISTRICT JUDGE